IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CV-258-FL

| | |
|---|---|
| SHAQUEZ RAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JACQUELINE S. MITCHELL, )<br>Individually and in her Official Capacity as )<br>Director of Customer Compliance Services; )<br>ERICKA AMERSON, Individually and in )<br>her Official Capacity as Operations )<br>Manager Of Customer Compliance )<br>Services; and NORTH CAROLINA )<br>DIVISION OF MOTOR VEHICLES, in its )<br>Official Capacity, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court upon review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and on plaintiff's motions for preliminary injunction and for service by United States Marshals (DE 4, 5). United States Magistrate Judge Robert T. Numbers, II entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), wherein it is recommended plaintiff's complaint be dismissed and preliminary injunction motion be denied (DE 11). Plaintiff, proceeding pro se, filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, dismisses plaintiff's complaint, and denies plaintiff's motions.

**BACKGROUND**

According to publicly available information, plaintiff failed to appear at Wake County

District Court for traffic citations May 7, May 16, and July 2, 2024. (See Case Summaries (DE 11-1, 11-4, 11-7)).[1] Plaintiff admits that he did not appear for these citations. (Decl. (DE 12-2) at 4). Several months later, plaintiff received "official notices" from defendant North Carolina Division of Motor Vehicles ("DMV") advising that his "NC driving privilege is scheduled for an indefinite suspension in accordance with General Statute 20-24.1 for failure to appear" (the "notices"). (DE 10-2 at 2-5).[2] The notices were dated March 19, 21, and 26, 2025, and stated that the suspension would be effective as early as May 18, 2025. (Id.).

Plaintiff sent defendants formal written request for a pre-deprivation hearing April 21, 2025, "to lawfully determine the validity of any suspension action." (Compl. ¶ 11). When he received no response, plaintiff initiated this action with complaint and supporting affidavit filed May 15, 2025. The same day, plaintiff filed motion for leave to proceed in forma pauperis and the instant motions for preliminary injunction and service by Marshals. Complaint and preliminary injunction motion were referred to the magistrate judge for preliminary review.

Plaintiff filed June 2, 2025, supplemental notice in support of his motion for preliminary injunction, in which he states his "driver's license was officially suspended" by defendant DMV May 18, 2025. (DE 8 at 2). At the direction of the magistrate judge, plaintiff filed "affidavit of clarity" June 9, 2025, along with copies of the notices he received from defendant DMV.

The magistrate judge entered July 7, 2025, order and M&R granting plaintiff's motion for leave to proceed in forma pauperis, recommending the court dismiss plaintiff's complaint for failure to state a claim, and recommending the motion for preliminary injunction be denied.

---

[1] The court may take judicial notice of matters of public record. Justice 360 v. Stirling, 42 F.4th 450, 455 (4th Cir. 2022); see Fed. R. Evid. 201.

[2] In determining whether a complaint states a claim, the court may consider documents "integral to and explicitly relied on in the complaint" if their authenticity is not challenged. Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004).

Plaintiff timely filed objections, supported by memorandum of law and declaration for the record.[3]

# DISCUSSION

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B. Analysis

The magistrate judge recommends dismissal of plaintiff's complaint for failure to state a claim upon which relief may be granted. Upon careful review of the M&R, the record in this case, and plaintiff's objections, the court adopts the M&R. Plaintiff's complaint fails to state a claim because the procedure by which he alleges his license was revoked does not violate the due process clause of the Fourteenth Amendment. The court writes separately to augment the analysis of the M&R and to address issues raised in plaintiff's objections.

"The fundamental requisite of due process of law is the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385, 394 (1914). Plaintiff argues he was denied such opportunity because defendants did not provide him a hearing prior to suspending his license. "A claim to a predeprivation hearing as a matter of constitutional right rests on the proposition that full relief cannot be obtained at a postdeprivation hearing." Matthews v. Eldridge, 424 U.S. 319, 331 (1976).

---

[3] The court construes the three documents at docket entries 12, 12-1, and 12-2 collectively to comprise plaintiff's objections.

3

Case 5:25-cv-00258-FL-RN    Document 13    Filed 07/23/25    Page 3 of 6

District courts must weigh three factors when determining whether a postdeprivation hearing satisfies due process. Id. at 335. Where, as discussed below, plaintiff was provided sufficient opportunity to be heard prior to the suspension of his license, the court does not address his objection to the magistrate judge's analysis of the Matthews factors.

Plaintiff contends the magistrate judge ignored the alleged fact that plaintiff sent defendants a written demand for pre-deprivation hearing and received no response. (See Compl. ¶¶ 11, 13). According to plaintiff, he was afforded "no opportunity to contest the underlying [failure to appear] entries." (Obj. at 4). This argument misses the mark. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Matthews, 424 U.S. at 333. According to the record in this case, plaintiff was provided such an opportunity.

An individual who receives a license revocation order under N.C. Gen. Stat. § 20-24.1 "must be afforded an opportunity for a trial or hearing within a reasonable time of the [individual's] appearance. Upon motion of [the individual], the court must order that a hearing or a trial be heard within a reasonable time." N.C. Gen. Stat. § 20-24.1(b1). Thus, the proper venue for plaintiff's hearing, whether pre- or post-deprivation, is the state court in which he failed to appear. Additionally, the notices sent by defendant DMV advised plaintiff to communicate with the state court. After listing the citation number, court name, phone number, and file number, the notices state "The Division of Motor Vehicles cannot accept payments for fines and costs imposed by the courts. Please contact the court above to comply with this citation. Note: Please comply with this citation prior to the effective date in order to avoid this suspension." (Notices (DE 10-2) at 2-5).

Nothing in the record suggests plaintiff contacted, appeared, or made a motion in that state court after receiving the notices from defendant DMV. Although the record does not indicate the

4

date or dates on which plaintiff received the notices, it must have been prior to plaintiff sending defendants a request for hearing April 21, 2025. (See Compl. ¶ 11). Plaintiff makes no argument that he was prevented from or unable to appear and make a motion for hearing in Wake County District Court between the time he received the notices and May 18, 2025, when his license was suspended.

Thus, plaintiff has not alleged facts permitting a plausible inference that he was denied the "opportunity to be heard," but rather only that he has not availed himself of the opportunity provided. Grannis, 234 U.S. at 394. Where plaintiff was afforded the process due, his complaint fails to state a claim.

Plaintiff raises new argument in his objection that the state of North Carolina violated the contracts clause, see U.S. Const. art. I, § 10, by suspending his driver's license, which he asserts is a "lawful commercial agreement," (Obj. (DE 12) at 6). Generally, a plaintiff cannot add new claims without amending his complaint. See Walton v. Harker, 33 F.4th 165, 175 (4th Cir. 2022). However, even if this claim were properly raised, it would not survive preliminary review. The North Carolina Supreme Court "has long held that a driver's license is not a natural or unrestricted right, nor is it a contract or property right in the constitutional sense." State v. Oliver, 343 N.C. 202, 210 (1996) (quotation omitted). Accordingly, because a driver's license is not a contract, plaintiff fails to state a claim for violation of the contracts clause.

Plaintiff's arguments in support of his motion for preliminary injunction and for service by Marshals fare no better. Where his complaint fails to state a claim upon which relief may be granted, he necessarily fails to demonstrate a likelihood of success on the merits, and the instant action must be dismissed in its entirety.

In sum, based on the foregoing, the court ADOPTS the M&R (DE 11) and overrules

plaintiff's objections (DE 12). Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). The remaining motions (DE 4, 5) necessarily are DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of July, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge